UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BONNIE PAULLUS et al., § | | |
| Plaintiff § | | |
| § | | |
| v. § | Civ. No. CC-08-085 | |
| § | | |
| MC TURBINE, INC. et al., § | | |
| Defendant § | | |

## MEMORANDUM OPINION

On July 17, 2008 this Court held a hearing to consider the arguments of the parties in regard to the plaintiff's Motion to Remand. (D.E. 15) Having considered the briefs on this matter and the arguments of the parties, plaintiff's motion is GRANTED for the reasons stated on the record and the reasons set forth below.

The suit arises from a helicopter crash near Dayville, Oregon, on March 17, 2006, which caused the death of pilot Kenneth Deane Graves. On March 12, 2008, plaintiffs filed this action in the County Court at Law No. 2 for Nueces County, naming as defendants McTurbine, Inc., a Texas corporation (hereinafter "McTurbine"), and several foreign corporations—Cappsco International, Inc., Honeywell International, Inc., Kaman Aerospace Corporation, The Timken Company, SKF USA Inc., and MRC Bearings, Inc. (hereinafter "Cappsco," "Honeywell," "Kaman," "Timken," "SKF" and "MRC" respectively).

Defendants Kaman and Honeywell removed the case to federal court (D.E. 1, 10) and McTurbine, Timkin and SKF consented to the removal. (D.E. 7, 11, 13) Plaintiff moves to remand, (D.E. 15) which defendants Honeywell, Kaman, Timken, SKF and McTurbine oppose. (D.E. 21) Cappsco filed no response to the

1

motion but in the Joint Discovery Case Management Plan represented that it concurs with plaintiff's position. (D.E. 40 at 4)

Kaman alleges that jurisdiction is proper because there is complete diversity among the parties, meaning that each party is a citizen of a different state. 28 U.S.C. §1332(a) (original jurisdiction lies for disputes between "citizens of different States and in which citizens or subjects of a foreign state are additional parties"). Plaintiff, invoking 28 U.S.C. §1441(b), asserts that the case must be remanded because one defendant, McTurbine, is a Texas citizen. Section 1441(b) provides that diversity cases are removable to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants urging removal argue that McTurbine is not a "properly joined" defendant and that therefore removal jurisdiction is proper. 28 U.S.C. §1441(b).

It is well settled that federal courts are courts of limited jurisdiction. The court "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001) (ordering dismissal for lack of subject matter jurisdiction); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("doubts

regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

A removing party asserting improper joinder must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). Defendants do not allege actual fraud in the pleadings, but rather that plaintiff cannot establish any cause of action against McTurbine, the local defendant.

To demonstrate improper joinder, a defendant must show that there is "no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R.Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit has instructed that there are two approaches to determining whether plaintiff has a reasonable basis of recovery:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Id*.

Plaintiffs allege that McTurbine negligently overhauled the helicopter engine; that McTurbine represented that the engine was airworthy when it was not;

3

that its negligence was a producing cause of the crash; and that the crash and damages were proximately caused by McTurbine's negligence. Plaintiffs further allege that McTurbine violated Federal Aviation Regulations and that the violation was a proximate cause of the pilot's death and plaintiff's damages. Under the 12(b)(6)-type of analysis, these allegations are sufficient to state a claim of negligence. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). (Under Texas law, three elements of negligence claim are duty, breach and proximate causation). *Swoboda v. U.S.*, 662 F.2d 326, 329 (5th Cir. 1981) (negligence per se requires (1) a violation of a regulation; (2) causing the type of harm that the regulation was intended to prevent; and (3) injuring a member of the class of persons intended to be protected by the regulation.).

Defendants argue that a summary judgment-type analysis is appropriate because plaintiff misrepresents McTurbine's involvement in the overhaul. Specifically, defendants argue that McTurbine did not perform any work related to or causing the accident, and that therefore there is no possibility of recovery against McTurbine.

The National Transportation Safety Board (NTSB) and Honeywell investigated the causes of the crash and reported failures in the aft roller bearing and the #21 bearing. (D.E. 15, Ex. B-2) All parties agree that McTurbine originally installed the aft roller bearing and #21 bearing in October of 1997. Kaman, Honeywell, Timkin and SKF argue that the aft roller bearing was subsequently replaced by Cappsco. These defendants assert that Cappsco's improper installation of the aft roller bearing caused the damage to the #21 bearing

and the crash. However, plaintiffs provide a sworn statement from Richard E. Anderson, Director of Operations at Cappsco, that the engine failure was caused by the failure of the #21 bearing and that Cappsco maintenance in no way affected the #21 bearing. (D.E. 28, Ex. 1)

The Court finds that there remain factual disputes as to which of these components failed and whether the work of McTurbine or Cappsco caused the failure. Retaining this case would require the Court to determine the cause of the failure and to conclude that McTurbine was not negligent in its installation and maintenance of the engine. Such analysis of the merits is inappropriate at this stage. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 574 ("Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.").

Defendants fail to present "discrete and undisputed" facts demonstrating improper joinder. Accordingly, the defendants failed to establish federal subject matter jurisdiction and plaintiff's motion to remand is GRANTED pursuant to 28 U.S.C. § 1447(c) and (d).

So ORDERED this 25th day of July, 2008.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE

5